HERSEY, Judge,
concurring specially.
I specially concur in the result, being persuaded that, as suggested by the majority opinion, the weight of Florida authority slightly favors the proposition that riparian rights may be separated from the upland. Having said that, I hasten to urge that the Supreme Court reverse this trend.
“Riparian rights” is a term rather loosely used to describe the rights which inure to the benefit of an owner of property abutting a river or stream (littoral rights being the term more appropriately used to describe similar rights in relation to a lake or the ocean) to use the water and the soil under the water to the thread of the stream. Black’s Law Dictionary, 4th Edition, 1951.
Such rights basically include (1) general use of the water adjacent to the property, (2) to wharf out to navigability, (3) to have access to navigable waters and (4) the right to accretions.
How could it seriously be contended that appellants in this case retain any of those rights despite the language in the Order of Taking (the functional equivalent of a deed)? They have no easement or other retained rights to enter upon appellee’s land. If a dock is built by appellants it will have to be free-standing, without contact with appellee’s land. And how are they to “use” the water, say for swimming, when they have no access to it other than by boat? And consider the horrendous problem of accretions!
To speak of riparian or littoral rights unconnected with ownership of the shore is to speak a non sequitur. Hopefully, the Supreme Court will take jurisdiction and extinguish this rather ingenious but hopelessly illogical hypothesis.